IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Edward Earl Canada, #94674-071, <br><br> Petitioner, <br><br> v. <br><br> United States of America; and Henry McMaster, Attorney General, <br><br> Respondents. | C/A No. 4:05-3206-GRA-TER <br><br> **ORDER** <br> (Written Opinion) |

This matter is before the Court for review of the magistrate's Report and Recommendation filed January 18, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. Petitioner brings this suit pursuant to 28 U.S.C. § 2254. The magistrate recommends that the case be dismissed without prejudice and without requiring Respondents to file an answer because (1) Petitioner is not "in custody" regarding his state conviction and thus this court is without jurisdiction to entertain his petition, and (2) Petitioner's suit is untimely under the statute of limitations requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing

1

a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Cruz v. Beto*, 405 U.S. 319 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner filed objections on February 6, 2006.

While Petitioner's arguments are somewhat unclear, it appears that he makes two objections to the Report and Recommendation: (1) the Court should issue a writ of *audita querela*, and (2) the statute of limitations under the AEDPA should be equitably tolled such that his § 2254 petition is not untimely.

As his first objection, Petitioner, for the first time in this litigation, requests this Court to revive and issue the ancient writ of *audita querela*.  As the First Circuit noted, "if available at all, the writ of *audita querela* can only be available where there is a *legal* objection to a conviction, which has arisen subsequent to that conviction,

2

and *which is not redressable pursuant to another post-conviction remedy*. *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991) (emphasis added). Upon facts similar to the present case, the Fourth Circuit denied a petition for writ of *audita querela* whereby the petitioner's motion filed under 28 U.S.C. § 2255 was dismissed as untimely. *See United States v. Aguilar*, No. 04-8015, 05-7099, 2006 WL 228699 (4th Cir. Jan. 30, 2006). In *Aguilar*, the Court found that "because § 2255 exists as a vehicle for collaterally attacking a conviction or sentence, the use of an extraordinary writ for the same purpose is inappropriate." *Id.* This same rationale applies to the case at hand such that this Court denies the petition for writ of *audita querela* because Petitioner seeks this writ for the same relief from judgment that § 2254 provides. The Court will not grant such an extraordinary writ to remedy Petitioner's failure to timely file a motion under § 2254 while in state custody. Thus, Petitioner's objection is without merit.

In Petitioner's second objection, he argues the statute of limitations under the AEDPA should be equitably tolled such that his § 2254 petition is not untimely. "[E]quitable tolling is available only in 'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364

3

F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).  In support of his argument for equitable tolling, Petitioner claims that he "was not aware of the adjudication and the selling of drugs charged within the Greenville Middle school zone until October, 2005" (when he went to his six-months administrative review) and that he "timely objected to such charge(s) when he was notified of such charge(s)."  However, as the magistrate correctly noted, § 2244(d)(1)(D) specifically requires that a petitioner exercise "due diligence" in seeking this factual predicate.  Petitioner has failed to satisfy to the Court that he has exercised due diligence in seeking this factual predicate where Petitioner was released from prison on his state conviction more than a decade before filing this action.   Therefore, this objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's case be DISMISSED without prejudice and without requiring Respondents to file an answer.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February ___10___, 2006.

NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.